IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.          No. CR 99-1338 BB

**ALFRED HEINZ REUMAYR**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of two motions filed by the government: a motion to admit foreign testimony at trial (Doc. 22), and a motion to strike Defendant's renewed motion to dismiss this case (Docs. 28, 26). The Court previously granted a portion of the motion to admit foreign testimony, by ordering that counsel be appointed for Defendant for the limited purpose of litigating the motion. Having considered the submissions of the parties, the posture of this case, and the applicable law, the Court will grant the motion to strike, and will hold the motion to admit foreign testimony in abeyance.

The Court has already stricken Defendant's first motion to dismiss, on the ground that Defendant is a fugitive. [Doc. 21] Defendant remains a fugitive; therefore his renewed motion will be stricken as well. The fact that the government wishes to litigate a limited issue concerning evidentiary matters does not change the analysis previously conducted by the Court.

As to the motion to admit foreign testimony, the Court holds it is premature. It will only become necessary to decide the motion if two things happen: (1) Defendant is extradited from Canada; and (2) the witness, Mr. Paxton, is unavailable to testify at any trial that may be held.

The information before the Court at this time indicates either or both of these occurrences may not come to pass. First, Defendant has been resisting extradition for over six years, and the government has submitted no information indicating extradition is likely to occur at any time in the near future. In fact, it is possible extradition will never happen and it will never be necessary to decide the government's motion. Furthermore, Mr. Paxton's prognosis was described in December as "fair to poor," which indicates there is a definite possibility that his treatment will be successful and he will recover sufficiently to be available to testify at any trial. If that occurs it will also not be necessary to decide the merits of the government's motion.

In the face of the very real possibility that a ruling on the government's motion will never be required, the Court declines to expend the resources necessary to decide the merits of the motion at this time. *See Jones v. Nabisco, Inc.*, 95 F.R.D. 25 (E.D. Tenn. 1982) (declining to make pretrial ruling on admissibility of affidavit, despite possibility that health of witness would render witness unavailable at trial; such ruling must wait until trial). The only reasons advanced by the government for acting on the motion now are as follows: it will help the prosecution and defense counsel to prepare for trial, if and when Defendant is extradited from Canada; and it may spur the parties to reach some sort of agreement on the criminal charges. These potential benefits are insufficient to convince the Court that an immediate ruling on the merits of the motion, which would in effect be an advisory opinion on an issue not yet ripe for decision, is necessary or desirable. *See, e.g., United States v. Jenks*, 22 F.3d 1513, 1520 (10th Cir. 1994) (it is impermissible for federal courts to issue advisory opinions); *Jones, supra.* The Court will therefore hold the motion in abeyance, pending further developments in this case.

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED as follows: (1) Plaintiff's motion (Doc. 28) to strike Defendant's renewed motion to dismiss (Doc. 26) is GRANTED; and (2) Plaintiff's motion to admit foreign testimony (Doc. 22) is HELD IN ABEYANCE pending further proceedings, if any, in this case.

Dated this 15th day of February, 2006.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**ATTORNEYS**

**For United States**
Robert D. Kimball

**For Defendant**
Mark H. Donatelli
Bennett J. Baur