IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            No. CR 99-1338 BB

ALFRED HEINZ REUMAYR,

        Defendant.

MEMORANDUM OPINION
AND
ORDER DENYING MOTION TO DISMISS AIDING AND ABETTING

THIS MATTER is before the Court on *Defendant's Motion to Dismiss All Aiding and Abetting Charges* [Doc. 100] brought pursuant to 18 U.S.C. § 2.  After studying the pleadings, the Court finds the motion must be Denied.

*Discussion*

Defendant argues he is charged with aiding and abetting James Paxton, "who at all relevant times was a government undercover agent."  (Mot. p. 2).  Defendant argues, "James Paxton, as an undercover government agent has not committed any of the offenses listed in the indictment." *Id. Ipso facto*, Defendant concludes, "Reumayr could not have aided and abetted James Paxton...." *Id.*

Aiding and abetting is not an independent crime and thus the Government is not even required to charge aiding and abetting if the underlying crime is pled properly. *United States v. Dunne*, 324 F.3d 1158, 1163 (10th Cir. 2003).  The point of alleging a violation of 18 U.S.C. § 2 is to put Defendant on notice he may be subject to jeopardy for aiding and abetting.  *United States v. Tobon-Builes*, 706 F.2d 1092 (11th Cir. 1983). Therefore, the indictment need not name the principal or in what respect Defendant aided or abetted him.  *United States v. Harper*, 579 F.2d 1235, 1239 (10th Cir. 1978); *United States v. Harris*, 523 F.2d 172 (6th Cir. 1975).

It is necessary, however, that the Government prove someone actually committed the crime which the Defendant is charged with aiding and abetting.  *White v. United States*, 366 F.2d 474 (10th Cir. 1966); *United States v. Perry*, 643 F.2d 38 (2d Cir. 1981). It is also generally true that a defendant cannot be convicted of aiding and abetting a government agent who never physically performed the acts that would constitute a crime by someone with scienter. *Compare United States v. Hornaday*, 392 F.3d 1306, 1314 (11th Cir. 2004), *and United States v. Barnett*, 667 F.2d 835 (9th Cir. 1982), *with United States v. Norton*, 700 F.2d 1072, 1077 (6th Cir. 1983).  However, even if the Government never proves it's agent actually undertook the required actions and/or possessed the requisite intent, 18 U.S.C. § 2 permits a jury instruction on "attempted" aiding and abetting. *Hornaday, supra*; *United States v. Partida*, 385 F.3d 546, 554-55 (5th Cir. 2004).

At this juncture, then, the Government has sufficiently alleged aiding and abetting. *See United States v. Alexander*, 447 F.3d 1290, 1298 (10th Cir. 2006).  If the proof does not support the commission of a crime, the charge may be reduced to attempted aiding and abetting or dismissal.

## O R D E R

For the above stated reasons, *Defendant's Motion to Dismiss All Charges of Aiding and Abetting Under 18 U.S.C. § 2* is DENIED.

SO ORDERED this 23rd day of October, 2007.

_____

BRUCE D. BLACK
United States District Judge