IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                           No. CR 99-1338 BB

ALFRED HEINZ REUMAYR,

        Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING MOTION FOR BILL OF PARTICULARS

**THIS MATTER** is before the Court on Defendant's *Motion for Bill of Particulars* [Doc. 108]. Having considered the briefs of counsel and being informed, the Court finds the motion lacks support in law and must be Denied.

### *Discussion*

Defendant claims Counts I, II, IV, and VI of the Indictment charge him with the attempt to damage and destroy by means of an explosive to property in violation of 18 U.S.C. § 844(i). Defendant argues since 18 U.S.C. § 844(j) allows "dozens of alternatives" under explosive devices and since he failed to "possess a completed destructive device at the time of arrest the complaint is too general and fails to adequately inform the motive of the charge against him with sufficient precision." Mot. pp. 4-6.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)); *see also United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) ("The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense," quoting *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)).  A motion for bill of particulars is not to be used as a discovery device. "The purpose of a bill of particulars is *not* to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories." *United States v. Nguyen*, 928 F. Supp. 1525, 1551-52 (D. Kan. 1996) (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (emphasis in original).  Similarly, a preview of evidentiary detail from the United States is a legitimate function for a motion seeking a bill of particulars. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996).

Defendant is charged in a twenty-page Indictment.  The challenged counts track the language of the relevant statute which is generally sufficient. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).  In addition, the General Allegations, all of which are explicitly incorporated in the challenged counts, specifically identify the PETN

explosive and the unassembled destructive devices that Defendant himself gave to Mr. Paxton, the man he hoped would help plant them strategically to effectuate the scheme alleged. Moreover, the General Allegations include extensive recitations of Defendant's own electronic communications, in which it is alleged he wrote:

a. The military C-4 high explosive and electric blasting caps in ATF's staged photograph were essential to his plan, the high explosive detonator cord would be useful to his plan, and he had already made other items, including blasting caps and an explosive;
b. He had made equipment for the two men [Defendant and Paxton] to use;
c. He had designed and tested electronics, modules, pipes, disks, and controllers;
d. He would use plastic pipe and caps as housings for the devices, and
e. He wanted Mr. Paxton to locate and obtain white fuming nitric acid to make the high explosives nitroglycerin and PETN, possibly using pentaerythritol.

Gov't's Resp. at pp. 4-5 (footnotes omitted).

Given the extensive discovery that has previously been provided to Defendant, the allegations of the Indictment are adequate to place him on notice of the charge under 18 U.S.C. § 844. *United States v. Fleischli*, 119 F. Supp. 2d 819, 823-24 (C.D. Ill. 2000).

# O R D E R

For the above stated reasons, Defendant's *Motion for Bill of Particulars* is DENIED.

**SO ORDERED this 30th day of October, 2007.**

_____
**BRUCE D. BLACK**
**United States District Judge**