IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                    Cr. No. 99-1338 BB

ALFRED HEINZ REUMAYR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion to "dismiss" most or all of the evidence collected by the Government in this case, due to the Government's alleged violation of the Fourth Amendment (Doc. 112). The Court construes this motion as a motion to suppress. After considering the submissions of counsel and the applicable law, the Court finds the motion must be denied.

**Facts:** An individual named John Paxton, since deceased, contacted federal law enforcement officials, claiming e-mails he had received from Defendant indicated Defendant might be planning to use explosives to attack targets in this country. Subsequently, at the instigation of the law enforcement officials and with their assistance, Paxton forwarded a photograph of various explosives, explosive devices, and firearms to Defendant, who was a Canadian citizen residing in Canada. Paxton's action precipitated a series of e-mail exchanges that culminated in the arrest of Defendant and the discovery of certain physical evidence. Defendant maintains that all of the evidence obtained subsequent to his receipt of the explosives photograph must be suppressed, as it was obtained in violation of the Fourth Amendment to the United States Constitution.

**Discussion:** Defendant's argument is as follows: (1) at the time the photograph was forwarded to Defendant, the Government did not have reasonable suspicion that Defendant was planning any type of crime; (2) under Canadian law, therefore, forwarding the photograph constituted entrapment, as it was a form of "virtue testing" prohibited in Canada; (3) forwarding the photograph was equivalent to a search and seizure of Defendant's "mental impressions"; and (4) since this "search and seizure" violated Canadian entrapment law, it was unreasonable under the Fourth Amendment.

There are a number of reasons Defendant's argument must fail.[1] It is only necessary, however, to address one of those reasons. It is black-letter law that the Fourth Amendment protects only locations, communications, or items of property as to which an individual retains a reasonable expectation of privacy. *See, e.g., Smith v. Maryland*, 442 U.S. 735, 740 (1979) ("… this Court uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate expectation of privacy" that has been invaded by government action."). In this case, Defendant is attempting to assert Fourth Amendment protection over the e-mails he sent

---

[1] For example, Defendant's assumption that a "search and seizure" occurred seems erroneous. The Court is aware of no authority, and Defendant cited none, indicating that simply providing a suspect with an opportunity to reveal his thoughts and reactions constitutes a search, seizure, or both. In addition, it is far from clear that the act of forwarding the photograph to Defendant was a violation of Canadian entrapment law, even if such Canadian law is relevant to a Fourth Amendment analysis. Under Canadian law, police may provide an opportunity for a person to commit a crime if there is reasonable suspicion to believe the person is already engaged in criminal conduct, or if the police are acting in the course of a bona fide investigation. *R. v. Mack*, 1988 CarswellBC 701 (Supreme Court of Canada, 1988). It would seem clear that responding to Paxton's concerns about Defendant would constitute such a bona fide investigation, rather than the "random virtue testing" proscribed by the Canadian Supreme Court.

to Paxton in response to the photograph and other communications he received from Paxton. However, courts addressing the issue have held that a person sending e-mail to another individual does not retain a reasonable expectation of privacy in the contents of his e-mail, once the recipient has received the e-mail. *See U.S. v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004); *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001); *Culbreth v. Ingram*, 389 F.Supp.2d 668, 676 (E.D. N.C. 2005); *U.S. v. Maxwell*, 45 M.J. 406, 418 (U.S.A.F. 1996); *U.S. v. Jones*, 149 Fed.Appx. 954 (11th Cir. 2005, unpublished). These courts have analogized an e-mail to a letter; while the sender of a letter has a reasonable expectation of privacy in the contents of the letter while it is in transit, the sender loses that expectation of privacy once the letter reaches its intended destination. *See U.S. v. King*, 55 F.3d 1193, 1196 (6th Cir. 1995). In other words, the sender cannot complain of a Fourth Amendment violation if the recipient of the letter decides to show it to a law enforcement officer. Similarly, Defendant in this case had no reasonable expectation of privacy in the e-mails he sent to Paxton, once Paxton had received them.

      This analysis is not changed by the fact that Paxton was acting as a government informant. It is well-established that an individual communicating with someone else, either orally or in writing or via computer, takes the risk that the person he is communicating with could be an agent of the government. *See, e.g., Hoffa v. U.S.*, 385 U.S. 293, 302-03 (1966) (Fourth Amendment does not protect "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it"; no constitutional violation occurred when informant testified about conversations he had with defendant, or overheard while he was an invited guest of defendant); *U.S. v. Brathwaite*, 458 F.3d 376, 380-81 (5th Cir. 2006)

(by inviting confidential informant into his home, defendant forfeited privacy interest in home and videotape surreptitiously recorded by informant was admissible despite defendant's claim of a Fourth Amendment violation); *U.S. v. Longoria*, 177 F.3d 1179, 1183 (10th Cir. 1999) ("Thus, one contemplating illegal activities assumes the risk that his companions may be reporting to the police and has no reasonable expectation of privacy in conversations he knowingly exposes to them"); *U.S. v. Charbonneau*, 979 F.Supp. 1177, 1184 (S.D. Ohio 1997) (sender of e-mail runs the risk that he is sending the message to an undercover agent; e-mail message cannot be afforded a reasonable expectation of privacy once it is received).

Defendant had no reasonable expectation of privacy in the e-mails he sent to Paxton in response to the photograph sent to him by Paxton at the Government's behest. Therefore, the Fourth Amendment does not apply to those e-mails or to any of the evidence discovered as the fruit of those e-mails. For that reason, Defendant's motion to suppress will be denied.

## ORDER

A Memorandum Opinion having been filed this day, it is hereby ORDERED that Defendant's motion to suppress (Doc. 112) be, and hereby is, DENIED.

Dated this 2nd day of January, 2008.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE