IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No. CR 99-1338 BB

ALFRED HEINZ REUMAYR,

    Defendant.

**MEMORANDUM OPINION
AND
ORDER DENYING DEFENDANT'S MOTION TO DISMISS ALL CHARGES
ASSOCIATED WITH TARGET LOCATIONS**

**THIS MATTER** is before the Court on *Defendant Reumayr's Motion to Dismiss All Charges Associated With Specific Target Locations as Those Locations Were Fabricated as the Result of Outrageous Government Misconduct* [Doc. 111]. After considering all submissions of counsel, the Court finds the Motion should be Denied

*Discussion*

Defendant maintains it was the Government's informant, James Paxton, not Reumayr, who chose the target sites for the explosives. Once again, the Government disputes the underlying facts. The Indictment alleges:

> Also, on or about July 22, 1999, the defendant detailed locations along the T-A Pipeline where he intended the PETN to be placed and detonated on or about January 1, 2000. Those locations included Pumpstation 11, where one or more security guards are present at all times; an area near

> the Tonsina River where the T-A Pipeline runs along a major highway open to the public; and a bridgecrossing location at which the T-A Pipeline crosses the Tanana River approximately 150 yards parallel to another bridgecrossing which supports a major highway open to the public.

Ind. p. 3 ¶ 6(a).

Defendant maintains "these locations were manufactured by the undercover government agent who worked on this case, James Paxton." Reumayr supports this claim by referring to a meeting at a hotel in Surrey, British Columbia, on July 22, 1999, and attaches transcriptions of the undercover wire from that meeting to support this thesis. The Government, however, undercuts this by producing several e-mails from Reumayr in 1998, a year earlier, indicating he already had "at least 30 good holes" and "it might be worth looking around for some more." (Gov't's Br. Doc. 119 p. 13 quoting e-mail disc 000000047). In February 1999, Reumayr indicated "everything has to happen at the same time in a number of different locations, separated by quite a distance." (Gov't's Br. pp. 13-14 quoting Reumayr e-mail of Feb. 22, 1999). Just prior to their face-to-face meeting in July 1999, Reumayr sent another e-mail to Paxton instructing him to "[c]heck out ... several places in Alaska – namely the Tanana River ... and Thompson Pass just north of Valdez." (Gov't's Br. p. 16 quoting e-mail from Reumayr of June 30, 1999).

The issue of entrapment is fact specific. *United States v. Fontenot*, 14 F.3d 1364 (9th Cir. 1994). Based on the present state of the record, therefore, this Court is

**certainly not willing to say that Paxton's role discussing and finalizing Reumayr's preselected "good holes" was outrageous or entrapment as a matter of law.** *Osborn v. United States*, **385 U.S. 323, 331 (1966);** *United States v. Fadel*, **844 F.2d 1425 (10th Cir. 1988).**

## O R D E R

**For the above stated reasons,** *Defendant Reumayr's Motion to Dismiss all Charges Associated with Specific Target Locations* **is DENIED.**

**SO ORDERED this 4th day of January, 2008.**

 _____
 **BRUCE D. BLACK**
 **United States District Judge**