IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                         No. CR 99-1338 BB

ALFRED HEINZ REUMAYR,

      Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF VENUE

**THIS MATTER** is before the Court on *Defendant Reumayr's Motion to Dismiss Each Charge in the Indictment for Lack of Venue* [doc. 106]. Having reviewed all submissions of counsel, the Court concludes the Motion must be Denied

*Issues*

Defendant argues that "[t]he Government cannot use its indictment of Defendant Reumayr in the District of New Mexico to back-door venue through 18 U.S.C. § 3238 ...." (Def.'s Reply Br. p. 2). Defendant also contends this Court lacks venue as the Government cannot show that the alleged conduct that took place in New Mexico formed an "essential element" of the offenses alleged in Counts II through VIII of the indictment." *Id.*

*Discussion*

I.  *Venue under 18 U.S.C. § 3238*

On November 19, 1999, Plaintiff caused a federal Indictment to be filed with the District Court of New Mexico alleging multiple counts involving an alleged plan to destroy or damage the Trans-Alaska Pipeline System. The Indictment sets out, in some detail, the scheme by which Reumayr planned to get rich by blowing up key portions of the Trans-Alaska Pipeline. After describing the evolution and discovery of Reumayr's plan, the Indictment charges Reumayr with violations of the following statutes:

| | |
|---|---|
| **Count I:** | Terrorism Transcending National Boundaries, in violation of Section 2332b of Title 18, United States Code ("Title 18"), and Aiding and Abetting, in violation of Section 2 of Title 18; |
| **Counts II, IV & VI:** | Attempt to Destroy the Trans-Alaska Pipeline by Means of an Explosive, in violation of section 844(i) of Title 18, and Aiding and Abetting; |
| **Counts III, V & VII:** | Possession of a Firearm in Furtherance of a Crime of Violence, in violation of Section 924(c)(1) of Title 18; and |
| **Count VIII:** | Attempt to Destroy an Energy Facility, in violation of Section 1366(a) of Title 18, and Aiding and Abetting. |

Defendant maintains since Reumayr never left Canada, much less ever entered New Mexico, this Court lacks venue. Article III, Section 2, clause 3 of the Constitution provides that trials of all crimes "shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." The phrase "out of the jurisdiction of any particular state or district" includes places within the jurisdiction of a foreign country. *Chandler v. United States*, 171 F.2d 921 (1st Cir. 1948). In 18 U.S.C. § 3238, Congress implemented this constitutional authorization by directing crimes committed "out of the jurisdiction of any particular state or district shall be in the district in which the offender is arrested or first brought." *See Reid v. Covert*, 354 U.S. 1 (1957). Following his arrest by Canadian authorities and incarceration in British Columbia, the Government flew Reumayr in custody to New Mexico to face the charges in the Indictment. He was thus "first brought" to New Mexico and venue is appropriate in this district under 18 U.S.C. § 3238. *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003); *United States v. Feng*, 277 F.3d 1151 (9th Cir. 2002); *State v. Erdos*, 474 F.2d 157 (4th Cir. 1973).

II.   *Venue Beyond 18 U.S.C. § 3238*

    A.   *Count I - Terrorism*

Although Defendant elsewhere argues there is insufficient evidence to charge him with Terrorism Transcending National Boundaries, 18 U.S.C. § 2332b, and

Aiding and Abetting, 18 U.S.C. § 2, he appears to make no challenge to venue on this charge.

B. *Counts II, IV, and VI*

Defendant argues: "None of the <u>essential</u> acts in furtherance of Defendant Reumayr's alleged 'attempts to damage or destroy property' under § 844(i) took place in New Mexico." (*Id.*) (emphasis in original). This Court has previously disposed of Defendant's arguments that 18 U.S.C. § 844(i) was not intended to apply to transboundary actions (Memo. Op., doc. 76) and that Defendant's actions lacked sufficient definiteness to comprise an attempt (Memo. Ops., docs. 163, 164). These prior opinions also reject Defendant's premise that "the facts alleged in the indictment to establish the offense under § 844(i) fail to show any connection to New Mexico and certainly not enough of a connection to satisfy venue requirements." *See* Memo. Op., doc. 176, pp. 6-9; Memo. Op., doc. 175, p. 2; Memo. Op., doc. 166, p. 1; Memo. Op., doc. 165, pp. 3-4. The Court must also reject Defendant's argument, without legal citation, "no reasonable interpretation of § 844(i) would permit the creation of venue from the Defendant's emails with the government agent." (Def.'s Mot., doc. 106, p. 7). This case involves multiple communications by Reumayr to Paxton in New Mexico.[1] The

---

[1] Reumayr's "critical" e-mails to Paxton in New Mexico include an e-mail of August 5, 1998, describing the plastic explosive C-4 and electric blasting caps in the New Mexico photo forwarded by Paxton, as potentially "essential" to Reumayr's plan. Just prior to their face-to-face meeting in July 1999, Reumayr sent another e-mail to Paxton in New Mexico instructing him to "[c]heck out ... several places in Alaska." Another e-mail to Paxton on July 27, 1999, asked "whether you have any sources that can obtain white fuming nitric acid (density of 1.52 or more)," presumably in New Mexico where Paxton was located. Most importantly, Reumayr sent six money orders in the total amount of $3,000 to New Mexico for Paxton to use in buying ingredients for explosives.

4

Indictment alleges extensive use of e-mail and wire transfers into New Mexico to plan, purchase explosives, and to implement Defendant's alleged plan to target Alaska sites for demolition.  *See United States v. Rowe*, 414 F.3d 271, 278 (2d Cir. 2005) (upholding criminal venue based on e-mails to undercover agent in the district).

### III.     Counts III, V, and VII - 18 U.S.C. § 924(c)

These counts of the Indictment charge Defendant with carrying or using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  Once again, Defendant argues "nowhere in the indictment is it alleged that Defendant Reumayr ever placed a foot in New Mexico, let alone possessed or used a firearm in New Mexico." (Def.'s Mot., doc. 106, p. 7).  However, venue under Section 924(c) follows venue on the substantive counts.  *United States v. Rodriguez-Moreno*, 526 U.S. 275, 278 (1999); *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003).  Since this Court has upheld jurisdiction and venue on the substantive counts, it follows this Court is the proper venue for disposition of the Section 924(c) charges.

### IV.     Count VII - 18 U.S.C. § 1366

Defendant is charged with attempting to damage an energy facility in violation of 18 U.S.C. § 1366(a) and aiding and abetting under 18 U.S.C. § 2.  This Court has previously recognized this record has sufficient evidence to charge Defendant with attempting to damage an energy facility (Memo. Ops., docs. 163, 164).  In any event, acquiring precursor explosives and discussing their construction and employment in

5

frequent e-mails to this district would seem to be more than adequate to sustain venue. *Cf. United States v. Haynes*, 372 F.3d 1164, 1168-69 (10th Cir. 2004) (obtaining precursor chemicals and knowing a meth cook sufficient to sustain attempting to manufacture conviction).

V.   *Transfer*

Finally, Defendant argues even if the court denies his motion to dismiss, only one likely witness lives in New Mexico and the Court "should consider removal to a more appropriate jurisdiction out of pragmatic concerns for convenience as well as fairness to the Defendant." (Def.'s Mot., doc. 106, p. 11). Defendant offers Alaska and Washington State as alternatives, but offers no reason why either would be more fair or convenient. While it is true the vast majority of the Government's witnesses appear to reside in Canada, the Government opposes transfer and indicates there are no witnesses residing in, or any direct contact with, either Alaska or Washington.

Plaintiff's failure to offer a rationale for transfer or a mechanism by which it would be accomplished dictates that it be Denied. *United States v. Afflerbach*, 754 F.2d 866 (10th Cir. 1985) (no requirement of transfer in absence of prejudice).

**O R D E R**

**For the above stated reasons,** ***Defendant Reumayr's Motion to Dismiss for Lack of Venue*** **is DENIED.**

**SO ORDERED this 16th of January, 2008.**

                                             *Bruce D. Black*
                                             **BRUCE D. BLACK**
                                             **United States District Judge**